Date signed October 18, 2012



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
Greenbelt Division

In re:                                                    :
                                                          :
ORLANDO C. NAVARRO                        :          Case No. 12-21062PM
                                                          :          Chapter 13
                    Debtor                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

**MEMORANDUM OF DECISION**

      This bankruptcy case under Chapter 13, filed June 13, 2012, is before the court for confirmation of the Debtor's Chapter 13 Plan filed July 2, 2012. Bank of America, N.A. ("BOA"), the holder of a claim secured by Debtor's residence, filed an objection to the Plan. The case was previously dismissed by Order entered July 2, 2012, on account of Debtor's failure to file the required Schedules. Additionally, counsel for the Debtor had been directed by Order entered June 29, 2012, to refund all fees received by her on account of her failure to file a Disclosure of Compensation pursuant to Fed.R.Bankr.P. 2016(b). On July 2, 2012, counsel filed the required documents, together with her Disclosure of Compensation showing receipt of $4,500.00, and a motion to vacate the dismissal. The dismissal was vacated by Order entered July 3, 2012, and the meeting of creditors in the reinstated case was then reset for July 26, 2012. In the meanwhile, on July 5, 2012, Debtor's counsel filed a notice of Debtor's death. The Trustee verified that Debtor died on July 3, 2012. On September 10, 2012, the Trustee filed a motion to dismiss the case on account of Debtor's failure to attend the rescheduled meeting of creditors.

Debtor's Plan proposes payments of $286.00 monthly for 60 months, totaling $17,160.00. BOA's Objection is based on the fact that the arrearage on its secured claim, as reflected in its filed proof of claim, is $23,872.24, and therefore the proposed Plan payments are insufficient to pay the arrearage together with the Trustee's commission.

This matter is governed by Federal Rule of Bankruptcy Procedure 1016, that provides"

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

The court will deny confirmation of the Plan without leave to amend and grant the Trustee's Motion To Dismiss. 11 U.S.C. § 1321 provides that the Debtor shall file a plan. Debtor's Plan filed July 2, 2012, cannot be confirmed as the proposed payments are insufficient to cure the arrearage to BOA. Also, there is no provision for payment of the modest arrearage owed to Navy Federal Credit Union, that is also secured by Debtor's residence. Under 11 U.S.C. § 1321, only the Debtor is authorized to file a plan, and this provision obviously refers to an amended plan. *In re Spiser*, 232 B.R. 669, 673 (BC N.D. Tex. 1999). Thus, this case can proceed no further inasmuch as there is an unconfirmable plan and no means to amend it.

At the time of the filing of the petition, Debtor was "an individual with regular income" as required by 11 U.S.C. § 109(e), but the source of that income was from an annuity and from social security. Such payments cease upon his death. 11 U.S.C. § 101(30) defines an individual with regular income as one whose income is sufficiently stable and regular to enable that person to make payments under a plan. Thus, even if Debtor's heirs obtain the appointment of a Personal Representative for Debtor's estate from the Probate Court, that entity would have no regular income and would be unable to propose a Chapter 13 plan. Further, a probate estate may not file a petition. *In re Brown's Estate*, 16 B.R. 128 (BC D.C. 1981); *In re Estate of Whiteside v. Whiteside*, 64 B.R. 99 (BC E.D. Calif. 1986); *In re Roberts*, 2005 WL 3108224 (BC Md. 2005). As pointed out by Judge Derby in *Roberts,* a decedent's estate is not a person that may be a debtor under the Bankruptcy Code. 11 U.S.C. § 109(a).

In some cases where the debtor died after a Chapter 13 plan was confirmed, courts have allowed the case to continue and have in some situations then granted hardship discharges.  *See,* e.g., *In re Bond*, 36 B.R. 49 (BC  E.D.N.C. 1984); *In re Graham,* 63 B.R. 1986 (BC E.D. Pa. 1986); *In re Dickerson,* 2012 WL 734160 (BC N.D. Ohio 2012).  However, not only is there no confirmable plan before the court, there has been no meeting of creditors held pursuant to 11 U.S.C. § 341.  The Trustee has not received any payments in accordance with the original Plan, in contravention of 11 U.S.C. § 1326(a)(1) requiring that payments commence no later than 30 days after the order for relief -- here, June 13, 2012.

Counsel for the Debtor, in reporting the death of the Debtor, stated that, "his successors, wife and children are sorting out his affairs, however, they would still like to proceed with the Chapter 13 bankruptcy."  The court is hard-pressed to understand how this is possible. The record does not show that a Personal Representative has been appointed by the Orphans' Court, and, if Debtor's Schedules are accurate, the estate is insolvent as it consists of assets aggregating $145,600.00 and debts aggregating $299,221.00.   No interest in any insurance policy was listed on Schedule B.   Therefore, it would appear that after the death of the Debtor, this entire exercise was for the purpose of delaying foreclosure and not for a reorganization.

To complete the record, Debtor's counsel must file a statement under oath regarding the fees received by her.  Counsel's original Disclosure of Compensation filed July 2, 2012, states that she received $4,500.00 for her legal services to be performed in connection with this case. An amended Disclosure filed October 9, 2012, states that she received $1,200.00.  Counsel is directed to clarify the record by explaining the difference between the two statements.

Appropriate orders will be entered.

cc:
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Sheron Barton, Esq., 1025 Connecticut Avenue, #1000, Washington DC 20036
Orlando C. Navarro, 1300 Owens Road, Oxon Hill, MD 20745
Brian S. McNair, Esq., 11350 McCormick Road, Suite 200, Hunt Valley, Md 21031
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**